**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HERMAN CHAMBERS, JR.,

    Petitioner,

-vs-                                              Case No.  8:06-CV-2029-T-30MSS

FLORIDA PAROLE COMMISSION, et al.,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus challenging the revocation of his parole by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2005), and concludes that the Petition is subject to summary dismissal as time barred under 28 U.S.C. § 2244(d).

**Background**

In 1973, Petitioner was arrested and subsequently convicted for robbery on June 13, 1973. He was sentenced to serve a term of 40 years, with credit for time served. *See* Dkt. 1, Ex. Q. Petitioner was released on parole in 1979. On April 2, 1982, Petitioner was convicted for extortion. Petitioner's parole was revoked, and he sentenced as an habitual felony offender on the extortion conviction to serve a term of 30 years, with the sentence to run consecutively to the sentence imposed in 1973. On July 20, 1993, Petitioner was

again paroled. According to Petitioner, at the time of his release in 1993, his 1973 sentence had expired.

While on parole, Petitioner became romantically involved with the mother of two children fathered by Rudolph Johnson. Having had two previous confrontations with members of the Johnson family, on June 22, 2001, Petitioner found himself confronted at his home by Rudolph Johnson and two members of Mr. Johnson's family. According to Petitioner's statement during the parole revocation hearing, as the altercation escalated, Petitioner reached under the seat of his truck to find something to use as a weapon to protect himself. To his surprise, he found a gun hidden there. Petitioner pulled the gun from under the seat and adopted a defensive posture, holding the gun as a club. As the taunting continued and they advanced on him, Petitioner attempted to intimidate the Johnsons by pointing the gun at them. When the Johnsons failed to stop their advance, Petitioner stepped back and pulled the trigger, shooting Stephen Johnson in the chest.

Petitioner was acquitted of the charge of attempted first degree murder with a firearm following a trial by jury on February 6, 2003. The trial court subsequently dismissed the charge of felon in possession of a firearm. Petitioner's troubles were not, however, over. Following a preliminary revocation hearing held on June 4, 2003, and a revocation hearing on August 14, 2003, the Florida Parole Commission ("FPC") found, *inter alia*, that when the shooting occurred, Petitioner was in possession of a firearm without the permission of his parole officer, a direct violation of his parole. On September 10, 2003, the FPC ordered that Petitioner be returned to the custody of the Florida Department of Corrections ("FDOC") to serve the unexpired portions of his sentences on the 1973 and 1982 convictions. Having failed to appeal the revocation of parole decision, Petitioner is currently incarcerated, with an anticipated release date of April 12, 2024.

Petitioner was present at the final revocation hearing, at the conclusion of which the parole examiner recommended that the FPC enter a finding of guilt "as to each of the three (3) allegations and . . . , revoke parole and return to prison." Dkt. 1, Ex. H at 6. Petitioner concedes that the final revocation order was entered on September 10, 2003. Petitioner contends, however, that he was never "formally told his parole was revoked" (Dkt. 1 at 4(a)(2)), arguing that although he was incarcerated and participated in an Inmate Notice interview with his FDOC classification officer on September 11, 2003, reviewing his Inmate Management Plan & Performance Results and his goals and objectives for the upcoming reporting period set out in the report as September 11, 2003 to September 10, 2004, he did not *learn* that his parole had been revoked until October 31, 2003, during an interview with FPC personnel. The Court finds this argument unavailing given Petitioner's contradictory statement that during his meeting with the classification officer on September 11, 2003, they discussed the fact that his anticipated released date was July 3, 2013 (Dkt. 1 at 5(a)11).[1]

Petitioner filed the present request for federal habeas relief on July 1, 2006. Petitioner challenges the revocation of his parole rather than the 1973 and 1982 convictions. Having reviewed the § 2254 petition and documents attached thereto, *see* Fed. R. 10(c),[2] applicable statutes, and controlling case law, the Court finds that the petition is barred under 28 U.S.C. § 2244(d).

---

[1] While courts must liberally construe and accept as true allegations of fact in the petition and inferences reasonably deductive therefrom, they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. *Ellen S. v. The Fla. Bd. of Bar Exam'rs*, 859 F.Supp. 1489, 1492 (S.D. Fla. 1994).

[2] Pursuant to Fed. R. Civ. P. 10(c), "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

**Standard of Review**

State prisoners whose incarceration is the result of a judgment of commitment entered after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year limitation provisions are applicable to Petitioner's claim because the petition was filed after the AEDPA's enactment date.

**Discussion**

In the present case, Petitioner's one year limitations period began to run when the September 10, 2003 order revoking his parole was entered. Petitioner contends that he was not advised that of the FPC's decision to revoke his parole until he was interviewed by FPC personnel on October 31, 2003. Petitioner challenged the revocation of his parole by filing a petition for writ of habeas corpus[3] in the Thirteenth Judicial Circuit Court,

---

[3] Under Florida law, once an inmate has had a full review on the merits of an FPC order in the circuit court, he or she is not entitled to a second plenary appeal of the order in the district court of appeal. *See Sheley v. Florida Parole Comm*, 703 So.2d 1202, 1205 (Fla. 1st DCA 1997) (criminal division en banc), *approved* 720 So.2d 216 (Fla.1998) (finding that "[a]lthough the Florida Parole Commission is an
(continued...)

Hillsborough County, Florida, on October 13, 2004. The state circuit court denied the petition on March 7, 2005, finding that the petition was not timely filed.[4] The state district court affirmed the decision denying Petitioner's request for relief on January 4, 2006, with the mandate issuing on January 16, 2006. Petitioner filed his § 2254 petition on February 6, 2006. When the limitations period, tolled by the filing of the state habeas petition, recommenced to run on January 16, 2006, 18 days of the limitation remained unexpired (365 days -347 days = 18 days). Thus, to be timely, Petitioner had to file his § 2254 petition on or before Friday, February 3, 2006. Petitioner delayed filing his § 2254 petition until Monday, February 6, 2006, three days after the expiration of the limitations period.

Petitioner does not contend that he is entitled to find shelter from the effects of the limitation period under any of the statutory exceptions thereto. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

The petition is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation period unless Petitioner demonstrates that he is entitled to equitable tolling. Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)).

---

[3](...continued) administrative agency, a special provision of the Administrative Procedure Act [§ 120.81(3)(a), Fla. Stat. (2002)] exempts inmate orders from review by appeal.").

[4]Florida law provides that "[j]urisdiction of the district courts of appeal to entertain direct appeals by parolees and prisoners from final orders of the Florida Parole Commission was eliminated in 1983, and the proper remedy is by petition for an extraordinary writ filed in the circuit court. *See* Ch. 83-78, § 1, at 258, Laws of Fla.; *see also Johnson v. Fla. Parole Comm'n,* 841 So.2d 615, 617 (Fla. 1st DCA 2003). We note that while there is no thirty-day time limit for challenging orders by the Parole Commission in extraordinary writ petitions, the question of timeliness may be raised by the affirmative defense of laches. *See Johnson,* 841 So.2d at 617." *Walker v. David*, 876 So.2d 729 (Fla. 4th DCA 2004). *See also Stallworth v. Moore*, 827 So.2d 974 (Fal. 2002)

"The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Having reviewed the petition and documents attached thereto, the Court finds that Petitioner has failed to allege, much less establish, that extraordinary circumstances that were both beyond his control and unavoidable with diligence prevented him from presenting his claim before the limitation period expired, which are essential elements for the imposition of equitable tolling. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitation period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the *Schlup* court held:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Schlup v. Delo*, 513 U.S. at 324. Petitioner must establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In other words, this exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (footnote omitted).

While Petitioner acknowledges that he was in possession of a gun without securing permission from his parole officer and admits that he fired the shot which wounded Stephen Johnson, he contends that because he was acquitted of attempted first degree murder and the trial court dismissed the felon in possession of a firearm, the FPC has no basis for finding him guilty of violating the terms of his parole.[5]  The Court finds this argument unpersuasive.  Petitioner has failed to satisfy the threshold requirement that he come forward with "new" *reliable evidence of <u>factual</u> innocence*, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claim. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists." *Hill v. Jones*, 81 F.3d 1015 (11th Cir.

---

[5]An acquittal in a criminal case does not preclude a finding that a violation occurred based on the same conduct, thus, the FPC could proceed on the charge based on Petitioner's "behavior" alone.  As the Florida Supreme Court explained, although a criminal case must be proven beyond a reasonable doubt, a probation violation need only be proven by a preponderance of the evidence.  *See Russ v. State*, 313 So.2d 758, 760 (Fla. 1975); *Robinson v. State,* 468 So.2d 1106 (Fla. 2d DCA 1985)*.  See also Morris v. State*, 727 So.2d 975, 977 (Fla. 1st DCA 1999).  Proof sufficient to support a criminal conviction is not required to support a discretionary order revoking supervised release from prison.  *See Morrissey v. Brewer*, 408 U.S. 471 (1972); *State ex rel. Florida Parole and Probation Comm'n v. Helton*, 313 So.2d  413 (Fla. 1st DCA 1975).

1996). The merits of Petitioner's claim will not, therefore, be addressed.  *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

## Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

3. Within **30 DAYS** of the date of this order, the Court will consider a motion to reopen the case if Petitioner can show, under prevailing case law, that he is entitled to equitable tolling.

**DONE** and **ORDERED** in Tampa, Florida on December 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner

SA:jsh