**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HERMAN CHAMBERS, JR.,

    Petitioner,

-vs-                                              Case No.  8:06-CV-2029-T-30MSS

FLORIDA PAROLE COMMISSION, et al.,

    Respondents.
_____/

**ORDER**

THIS cause comes before the Court for consideration of Petitioner's Motion for Reconsideration of the December 8, 2006 order dismissing his petition as time-barred (Dkt. 7). Petitioner fails to cite any legal authority for his motion.

The Federal Rules of Civil Procedure provide two vehicles by which Petitioner may be seeking relief, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). Petitioner is not entitled to relief pursuant to Rule 59(e) because he failed to file his motion within 10 days of the entry of the order. Fed. R. Civ. P. 59(e).[1] The motion is, therefore, considered pursuant to Fed. R. Civ. 60(b).

The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment.[2] "It should be construed in order to do substantial justice

---

[1] "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

[2] Under Rule 60(b), a court may provide relief from a final judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of judgment. *See Thompson v. Hicks*, 2007 WL 106785, *2 (11th Cir. 2007).

. . . , but this does not mean that final judgments should be lightly reopened." *See e.g. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). Motions under this rule are directed to the sound discretion of the district court. *Id.*

Petitioner contends that the Court "overlooked" the "facts or law" in reaching the decision that his petition was time barred because it failed to "toll" the limitation period while he "sought collateral review through administrative remedy before resorting to judicial proceedings" (Dkt. 1 at 1). While there are administrative remedies available for review of a sentence-reducing credit determination by the Florida Department of Corrections,[3] there are no administrative remedies available for seeking review of a revocation of conditional release by the Florida Parole Commission ("FPC"). *Fluker v. Florida Dep't of Corrs.*, (Fla. 1st DCA 1997).

Contrary to Petitioner's statements otherwise, the "PLRA"[4] exhaustion requirement is not applicable to federal petitions for habeas relief, *see Anderson v. Singletary,* 111 F.3d 801, 806 (11th Cir. 1997). Notably, Petitioner filed requests for information regarding the calculation of his gain time credits and provisional release date, *see* Dkt. 1, Ex. C, not grievances regarding the revocation of his supervised release.[5]

---

[3] *See Bush v. State*, 2006 WL 3741041, *1 (Fla. 2006) ("When challenging a sentence-reducing credit determination by the Department, such as a gain time or provisional release credit determination, once a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition.").

[4] Prisoner Litigation Reform Act of 1995.

[5] "The act of asking questions or seeking information, guidance, or assistance is not considered to be a grievance. Answers to inmate requests of this nature shall not be considered as documentation of having met the informal step if it is attached to a formal grievance submitted at the next step." Fla. Admin. Code § 33-103.005(2)(b)(1).

As to Petitioner's assertion that his July 27, 2004 letter to the FPC requesting that his "case be placed on the docket for a full commission vote to enable full commission review to rescind parole revocation," *see* Dkt. 1, Ex. D, was "in essence" a request for a "rehearing" that tolled the limitation period, as the FPC advised Petitioner, "revocation decisions are final and there are no provisions in Commission Rules or Chapter 947, Florida Statutes for appeal." Dkt. 1, Ex. E.  *See Sheley v. Florida Parole Comm*, 703 So.2d 1202, 1205 (Fla. 1st DCA 1997), *approved* 720 So.2d 216 (Fla.1998) ("Although the Florida Parole Commission is an administrative agency, a special provision of the Administrative Procedure Act [§ 120.81(3)(a), Fla. Stat. (2002)] exempts inmate orders from review by appeal.").

Likewise, Petitioner's assertion that the limitation period was tolled for 90 days following the denial of his state petition for habeas relief because he was entitled to file a petition for writ of certiorari in the United States Supreme Court is without merit. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("The time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. §§ 2244(d)(1) statute of limitations purposes.")).

Petitioner misreads the holding in *Nix v. Sec. for Dep't. Of Corrs.*, 393 F.3d 1235 (11th Cir. 2004), and *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), is unavailing to his cause in this circuit.  In *Nix*, the court found that "the time for seeking *direct review of a criminal conviction* does not expire until after the ninety day period for filing for *certiorari* with the Supreme Court has ended." *Nix, supra*, at 1236 (emphasis added).  The holding in *Abela*, which is contrary to the decision in *Coates*, is not controlling in this circuit.  *See Lawrence*

-3-

*v. Florida*, 421 F.3d 1221, 1224 (11th Cir. 2005), *cert. granted*, __ U.S. __, 126 S.Ct. 1625 (2006).

Finally, as to Petitioner's argument that he is the victim of a "miscarriage of justice" because he is "a man sitting in prison that has committed no crime," Petitioner's incarceration is not the result of the shooting, of which he was acquitted, or of the charge of being a felon in possession of a firearm, which the trial court dismissed. Rather, he is incarcerated for possessing a firearm in contradiction to the terms of his conditional release. A probation revocation concerns "conduct" which violates the terms of probation for an already established criminal offense. In Florida courts, acquittal on the substantive offense is not a collateral estoppel bar to revocation of probation on the same offense. *See Russ v. State*, 313 So.2d 758, 760 (Fla. 1975); *Bond v. State*, 839 So.2d 853 (Fla. 1st DCA 2003).

Petitioner has the burden of showing that absent relief from the judgment, an "extreme" and "unexpected" hardship will result. *Griffin v. Swim-Tech Corp.*, 722 F.2d at 680 (citing *United States v. Swift & Co.,* 286 U.S. 106 (1932)). The Court finds that Petitioner has failed to raise any new factual or legal issues warranting reconsideration of this matter or demonstrate that exceptional circumstances warrant granting him the relief he seeks. *See Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin, supra*, at 680 (citations omitted));*Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000)).

**ACCORDINGLY**, the Court **ORDERS** that Petitioner's Motion for Reconsideration is **DENIED** (Dkt. 7).

**DONE** and **ORDERED** in Tampa, Florida on February 1, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner

SA:jsh