**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HERMAN CHAMBERS, JR.,

    Petitioner,

-vs-                                        Case No.  8:06-CV-2029-T-30MSS

FLORIDA PAROLE COMMISSION, et al.,

    Respondents.

_____/

**ORDER**

THIS cause comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 10) of the December 8, 2006 order dismissing his petition for relief under 28 U.S.C. § 2254 as time-barred (Dkt. 5) and Motion to Proceed *In Forma Pauperis* on appeal (Dkt. 12). The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability ("COA") (Dkt. 11) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2] *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a State court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

controlling standard for issuance of a COA where a district court has rejected a petitioner's constitutional claims on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Finding that his petition was not filed within the one-year limitation period applicable to requests for federal habeas relief, *see* 28 U.S.C. § 2244(d), the Court denied Petitioner's challenge to the validity of the revocation of his parole. Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Notice of Appeal (Dkt. 10), which the Court has construed as a motion for issuance of a certificate of appealability (Dkt. 11), is **DENIED**.

2. Petitioner's request to proceed on appeal *in forma pauperis* (Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 12, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh